1  MONTE K. GRIX (SBN 241050)
   mgrix@hkemploymentlaw.com
2  JESSE D. SUTZ (SBN 338412)
   jsutz@hkemploymentlaw.com
3  HIRSCHFELD KRAEMER LLP
   456 Montgomery Street, Suite 2200
4  San Francisco, CA 94104
   Telephone:  (415) 835-9000
5  Facsimile:  (414) 834-0442

6  BENJAMIN J. HEROLD (SBN 325391)
   bherold@hkemploymentlaw.com
7  HIRSCHFELD KRAEMER LLP
   233 Wilshire Boulevard, Suite 600
8  Santa Monica, CA 90401
   Telephone:  (310) 255-0705
9  Facsimile:  (310) 255-0986

10 Attorneys for Defendants
   MARRIOTT INTERNATIONAL INC., RITZ-
11 CARLTON HOTEL COMPANY, L.L.C. dba RITZ-
   CARLTON HALF MOON BAY
12

13                 UNITED STATES DISTRICT COURT

14               NORTHERN DISTRICT OF CALIFORNIA

15

16 EMILIO MEDRANO AND ANTONIO          Case No.  3:22-cv-09134-SK
   MOLINA,
17                                     [Hon. Sallie Kim – Crtrm: C ]
              Plaintiffs,
18                                     [San Mateo County Superior Court Case No.
   vs.                                 22-CIV-04848]
19
   MARRIOTT INTERNATIONAL, RITZ-
20 CARLTON HOTEL CO LLC dba RITZ-       **JOINT CASE MANAGEMENT**
   CARLTON HALF MOON BAY and DOES      **STATEMENT & [PROPOSED] ORDER**
21 1 through 10, Inclusive,
22            Defendants.
23
24
25                                     **Complaint Filed**: November 18, 2022
26
27    The Parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT
28

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:22-CV-09134-SK                                        4883-4453- 5679

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STATEMENT & PROPOSED ORDER pursuant to the <u>Standing Order for All Judges of the</u> <u>Northern District of California</u> and <u>Civil Local Rule 16-9</u>.

### 1. Jurisdiction & Service

The Parties agree that this Court has subject matter jurisdiction (specifically, diversity jurisdiction) over this dispute under 28 U.S.C. §§ 1332, 1441, and 1446. Defendants do not dispute that they are subject to personal jurisdiction in California for this lawsuit. Plaintiffs have served all named Defendants and all Defendants have appeared through counsel.

### 2. Facts

**Plaintiffs' Description of Case:**

Both Plaintiffs Mr. Medrano and Mr. Molina worked as Banquet Captains in the Ritz's Banquets department for over ten years. At the time of their terminations, both Plaintiffs were over 40 years old, and are Latino. As such, they are protected under the FEHA. Both Plaintiffs allege they experienced discrimination and harassment on the basis of their age, race, and national origin in violation of the FEHA; Failure to Prevent Harassment, Discrimination and Retaliation in violation of the FEHA; and meal and rest break violations under Wage Order 5 § 12. Plaintiffs also allege Defendants engaged in Unfair Business Practices in violation of Cal. Bus. & Prof. Code § 17200, because Defendants were required but failed to offer employees laid off due to Covid-19 all positions that become available and for which the laid-off employee is qualified. *See* Labor Code Section 2810.8(b)(1).

In or about 2017, Ritz-Carlton Half Moon Bay brought in Chris Ciana as a Banquets Manager and quickly promoted him to Director. In his leadership role, Ciana regularly and openly made ageist and racist comments, treated Latino employees differently and worse than white employees, and at times acted violently toward older Latino employees. He called workers, including Plaintiffs, offensive comments based on their age, including "old" and "weak" and told them to "get off their old butts," among other directly discriminatory comments.

In addition to engaging in age discrimination and harassment, Defendants and Mr. Ciana subjected Latino workers to different and worse terms and conditions of employment. For example, Mr. Ciana habitually scheduled non-Latino workers for the preferred shifts, and

2

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

scheduled Latino workers for morning shifts that required significantly more manual labor and significantly less interaction with the public.

Defendant also engaged in discriminatory comments towards Plaintiffs and other Latino workers, calling them racist and offensive names and indicating he did not want Defendants to hire more Latinos. Defendants also ratified Mr. Ciano's violent conduct towards Plaintiffs and other Latino workers.

Mr. Ciana repeatedly instructed Latino workers not to take breaks, in violation of California law, and misused meal break waivers by requiring employees to sign waivers when there was work that he wanted them to complete. Departments with fewer employees who were majority white paid out roughly ten times as many meal break waivers per pay period as compared to the Banquets Department.

Plaintiffs and other Banquet employees informed Defendants of Mr. Ciana's racist and ageist mistreatment of them. No action was taken in response to these complaints, other than to ultimately fire Plaintiffs.

In March 2020, the staff at the Ritz-Carlton, including Plaintiffs, were sent home due to California's Covid-19 shelter-in-place order. In July 2020, Plaintiffs were informed that, due to a purported "reorganization," their positions had been eliminated. Following the termination of Plaintiffs, the job responsibilities of "Banquet Captain" were assigned to a newly created "Banquet Manager" position, to perform substantially the same work as Plaintiffs. Defendants then hired new employees to work in Banquets, who were younger and less experienced than Plaintiffs and not Latino.

Plaintiffs have suffered substantial monetary and non-monetary damages, entitling each Plaintiff to damages. Further, Defendants' conduct was sufficiently malicious and/or reckless to justify punitive damages.

**Defendants' Description of Case:**

Defendants dispute Plaintiffs' allegations in their Complaint and deny that Plaintiffs experienced any unlawful conduct by Defendants or by employees of the Ritz-Carlton Half Moon Bay Hotel (the "Hotel"). Defendants believe this is a simple matter—Plaintiffs were banquet

3

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  employees of the Hotel. Their employment was at-will. During the COVID-19 pandemic, due to

2  individuals no longer planning in-person gatherings—and therefore not utilizing the Hotel's

3  banquet services—banquet staffing was not needed at the Hotel. Accordingly, In July 2020

4  Defendants made a decision based on financial concerns to eliminate certain positions from the

5  Banquets Department, including Plaintiffs' positions.

6  **3. Legal Issues**

7  *A brief statement, without extended legal argument, of the disputed points of law, including*

8  *reference to specific statutes and decisions.*

9  **Plaintiffs' Statement of Issues:**

10
11
1.  Whether Plaintiffs state a claim for discrimination under the Fair Employment and
    Housing Act, Cal. Gov. Code §12940(a).

12
13
2.  Whether Plaintiffs state a claim for harassment under the Fair Employment and Housing
    Act, Cal. Gov. Code §12940(j).

14
15
3.  Whether Plaintiffs state a claim for failure to prevent discrimination, harassment and
    retaliation under the Fair Employment and Housing Act, Cal. Gov. Code §12940(k).

16
17
4.  Whether Plaintiffs state a claim for retaliation under the Fair Employment and Housing
    Act, Cal. Gov. Code §12940(h).

18
19
5.  Whether Plaintiffs states a claim for retaliation under the California Labor Code Sec. 1102.5.

20
6.  Whether Plaintiffs state a claim for rest break violations in violation of Wage Order 5 §
    12(A).

21
22
7.  Whether Plaintiffs state a claim for meal break violations in violation of Wage Order 5 §
    12(B).

23
24
8.  Whether Plaintiffs state a claim for Unfair Business Practices in violation of Cal. Bus. &
    Prof. Code § 17200.

25
26
9.  Whether Plaintiffs are entitled to damages and the amount and nature of those damages.

27
10. Whether Plaintiffs are entitled to declaratory relief.

28
11. Whether Plaintiffs are entitled to injunctive relief.

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:22-CV-09134-SK

1

12. Whether Dependents state any valid affirmative defenses.

2

**Defendants' Statement of Issues:**

3

Defendants believe the key issues in this matter are whether Plaintiff can make a prima facie

4

case on any of their claims. Defendants further believe that a key defense issue is whether Plaintiffs

5

were terminated for legitimate, non-discriminatory reasons (which they were). Defendants have

6

raised other affirmative defenses, and as discovery is ongoing, intends to pursue those defenses as

7

discovery unfolds.

8

**4.   Motions**

9

**Plaintiffs' Anticipated Motions:**

10

Plaintiffs anticipate filing additional discovery motions related to Defendants' recent

11

written discovery responses, a motion for summary judgement and/or summary adjudication, and

12

pre-trial motions such as motions in limine.

13

**Defendants' Anticipated Motions:**

14

Defendants do not have any pending motions. Defendants anticipate filing a Motion for

15

Summary Judgment. Defendants further anticipate bringing discovery motions as necessary.

16

Defendants further anticipate bringing limiting motions should this matter proceed to trial.

17

**5.   Amendment of Pleadings**

18

**Plaintiffs' Position:**

19

Plaintiffs do not anticipate further amendments to their pleadings at this time.

20

**Defendants' Position:**

21

Defendants do not anticipate amending their pleadings at this time. Defendants believe Rule 15

22

should be followed with respect to any proposed amendment of Plaintiffs' Complaint.

23

**6.   Evidence Preservation**

24

The Parties certify that they have reviewed the Guidelines Relating to the Discovery of

25

Electronically Stored Information ("ESI Guidelines") and confirm that they have met and conferred

26

pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve

27

evidence relevant to the issues reasonably evident in this action.

28

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:22-CV-09134-SK

**Plaintiffs' Position:**

Based on meet and confer between counsel for the parties and Defendants' discovery responses, Plaintiffs have persistent concerns that Defendants have not performed adequate searches of all electronic media. The parties have not agreed upon the scope of ESI searches, which Plaintiffs anticipate will require further Court intervention to resolve.

**Defendants' Position:**

Defendants have taken reasonable steps to preserve all potentially relevant ESI. Plaintiffs have proposed overly broad search terms, which Defendants cannot agree to as they are totally disproportionate to the scope of Plaintiffs' claims. Defendants have asked Plaintiffs to provide a narrower list of search terms. Defendants have already conducted ESI searches using protocols disclosed to Plaintiffs. Defendants have, and are willing to run additional ESI searches, assuming that the parties can reach an agreement on the scope of such searches that meet the proportionality requirement under Rule 26.

### 7. Disclosures

The Parties have made initial disclosures pursuant to General Order 71 and the Court has already heard a motion regarding the General Order 71 disclosures. The Parties do not anticipate any further motions regarding either party's General Order 71 disclosures.

### 8. Discovery

The Parties have exchanged initial written discovery.

**Plaintiffs' Position**

Given the number of witnesses, Defendants' position that Marriott International is not a proper party to this action, and Defendants' refusal to work with Plaintiffs on a stipulation to dismiss Marriott International as Defendant, additional depositions and written discovery may be required. Plaintiff also awaits further information from Defendants regarding the proposed parameters for ESI discovery, which remains unresolved. Plaintiffs anticipate that additional depositions and written discovery will likely be required given these disputes.

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:22-CV-09134-SK

Hirschfeld Kraemer LLP
Attorneys At Law
San Francisco

**Defendants' Position**

Defendants' position is that the presumptive discovery limits encompassed in the Federal Rules of Civil Procedure are sufficient for this dispute. Defendants' position is that, to the extent Plaintiffs seek to exceed the limits under the Federal Rules of Civil Procedure, Plaintiffs should propose specifically how they anticipate exceeding these limits, as the above position is vague with respect to the amount of additional discovery.

The Parties have agreed to meet and confer should any discovery requests implicate the extensive search of ESI.

**9. Class Actions**

This is not a class action.

**10. Related Cases**

The Parties are not aware of any related cases.

**11. Relief**

**Plaintiffs' Position:**

Plaintiffs have not yet hired an economist in order to quantify Plaintiffs' front and back pay, inclusive of benefits and retirement losses. However, Plaintiffs are seeking front and back pay, including wages (inclusive of tips) and benefits. Plaintiffs were making between approximately 115,000 to $125,000 in wages, exclusive of the value of benefits from 2017-2019. These economic damages are continuing into the future. Plaintiffs were long-term employees and intended to work with Defendants until retirement.

Further, each Plaintiff has suffered ongoing symptoms of emotional distress, to be set by a jury.

Should Plaintiffs be successful in their wage and hour claims, they are entitled to penalties and damages for a four-year period.

Plaintiffs are also seeking injunctive relief in order to address the pattern and practice of discriminatory conduct in the workplace and failure to abide by wage and hour laws. Plaintiffs are also seeking declaratory relief, punitive damages, pre and post judgement interest, attorneys' fees and costs, and any other relief as allowed by law. The amount in controversy is well in the seven

7

1   figures for each Plaintiff.

2       As it relates to proportionality under Fed. R. Civ. Pro. 26, the issues at stake in this litigation

3   involve fundamental civil rights, the enforcement of which is critical to ensure discrimination in the

4   workplace on the basis of race, national origin and age does not flourish. Without workers having

5   the bravery to come forward, like Plaintiffs here, systemic discrimination continues.

6       Similarly, ceasing wage theft is a matter of critical public importance.

7       The parties do not have equal access to relevant information. Plaintiffs are service workers

8   in the hotel and service industry. Plaintiffs do not have access to employment records and witnesses

9   by virtue of their unlawful termination of employment. Defendants, on the other hand, are large

10  corporations with profits, according to available public data, of over five billion dollars in 2023. The

11  disparate economic resources of the parties could not be overstated.

12      Without adequate discovery, it is not possible for Plaintiffs, the party without access to

13  documents and witnesses, to be able to demonstrate their prima facie case.

14      Defendants have not demonstrated *any* burden or expense, let alone an undue burden or

15  expense, with regard to providing discovery responses, including performing adequate ESI searches.

16  However, Defendant continue to cite "proportionality" as a reason to curtail their ESI searches in

17  response to basic discovery requests, including to the reasons Plaintiffs were fired.

18  **Defendants' Position**:

19   Defendants deny that Plaintiffs are entitled to any relief whatsoever.

20   Defendants add that the above is not truly an estimate of damages and does not further

21  productive discussions between the Parties as to the scope of discovery. Plaintiffs make no effort

22  to discuss their actual lost wages or mitigation. Plaintiffs have produced information to Defendants

23  indicating they have substantially mitigated their lost wages. Further, Plaintiffs make no effort to

24  quantify their emotional distress, and in fact, have refused to produce information to Defendants

25  on this issue under specious objections.

26   Defendants are puzzled why Plaintiffs are raising discovery disputes in a section wherein they

27  were ordered by the Court in ECF No. 20 to provide a good faith estimate of damages. As noted

28  above, Defendants do not view the above as a good faith estimate. While Defendants disagree with

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

1    Plaintiffs' arguments about discovery, Defendants' position is that such arguments are not proper

2    in this context.

3        **12.  Settlement and ADR**

4    **Plaintiffs' Position**

5        The Parties have discussed the possibility of settlement and attending a settlement conference

6    through the Northern District of California. Plaintiffs have repeatedly requested that Defendants

7    provide a list of proposed private mediators, and have provided Defendants with names of

8    mediators, but have never received a list or a response to Plaintiffs' suggested mediators.  Plaintiffs

9    remain open to attending a private mediation and/or attending a settlement conference with

10   Honorable Magistrate Judge Donna Ryu.

11   **Defendants' Position**

12        Defendants are willing to attend a private mediation and/or a settlement conference with the

13   Honorable Magistrate Judge Donna Ryu, but believe that, given the discovery disputes that have

14   and likely will continue to occur, settlement discussions are premature and that more discovery

15   should occur. Defendants are not in possession of any repeated requests from Plaintiffs for a list of

16   private mediators.

17       **13.  Other References**

18       The Parties do not believe this case is suitable for reference to binding arbitration, a special

19   master, or the Judicial Panel on Multidistrict Litigation.

20       **14.  Narrowing of Issues**

21       Given the nascency of the case, the Parties do not have any proposals to narrow the issues at

22   this time.

23       **15.  Expedited Trial Procedure**

24       The Parties do not believe the expedited trial procedures in General Order 64 are appropriate

25   for this matter at this time, although Plaintiffs position may change.

26       **16.  Scheduling**

27        The Parties state that the Court has already provided a full schedule of dates in ECF No. 20.

28

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:22-CV-09134-SK

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  **17. Trial**

2  *Whether the case will be tried to a jury or to the court and the expected length of the trial.*

3  **Plaintiffs' Position:**

4      Plaintiffs have requested a jury trial.  Plaintiffs request 10-14 days of trial, exclusive of jury

5  selection, motions in limine and jury deliberations.

6  **Defendants' Position:**

7      Defendants would be amenable to a bench trial, although Plaintiffs demanded a jury trial.

8  Defendants anticipate trial in this matter should last no more than five (5) days.

9      **18. Disclosure of Non-party Interested Entities or Persons**

10      The Parties have filed their Certification of Interested Entities or.  Pursuant to Civil L.R. 3-15,

11  the Parties state that as of this date, other than the named Parties, there is no such interest to report.

12      **19. Professional Conduct**

13      All attorneys of record for the Parties have reviewed the Guidelines for Professional

14  Conduct for the Northern District of California and are familiar with the obligations and

15  requirements outlined therein.

16      **20. Other**

17      There are no other issues the Parties are aware of at this time.

18

19  Dated:  September 11, 2023        **LEVY VINICK BURRELL HYAMS LLP**
                                    **LAW OFFICES OF WENDY MUSELL**

20

21

22                              By:/s/ Wendy Musell
                                      Sharon Vinick

23                                        Wendy Musell
                                    Brittany Wightman Shamma

24                              Attorney for Plaintiffs
                            EMILIO MEDRANO and ANTONIO
                            MOLINA

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:22-CV-09134-SK

Dated:  September 11, 2023                    **HIRSCHFELD KRAEMER LLP**


By:/s/ Jesse Sutz
                        Monte K. Grix
                        Benjamin J. Herold
                        Jesse D. Sutz
Attorneys for Defendants
MARRIOTT INTERNATIONAL INC., THE
RITZ-CARLTON HOTEL COMPANY,
L.L.C. dba RITZ-CARLTON HALF MOON
BAY


**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved

as the Case Management Order for this case and all parties shall comply with its provisions. [In

addition, the Court makes the further orders stated below:]


IT IS SO ORDERED.

 Dated:

                                            HONORABLE SALLIE KIM
                                            UNITED STATES MAGISTRATE JUDGE

JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER
CASE NO. 3:22-CV-09134-SK